# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PHILIP JACKSON LYONS,

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:11-CV-01379-GMN-(CWH)

**ORDER**

    Petitioner has paid the filing fee (#4). The court has reviewed his petition (#5) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition is without merit on its face, and the court will deny it.

    In 1991, petitioner was convicted in state court of first-degree kidnaping with the use of a deadly weapon and robbery with the use of a deadly weapon. That court sentenced petitioner to life imprisonment for the kidnaping and to a consecutive term of life imprisonment for the use of a deadly weapon; the sentence for robbery is not relevant to this action. In 2009 the state district court entered to amended judgments of conviction. The operative judgment is the second amended judgment of conviction, entered on October 13, 2009. That judgment imposed a sentence of life imprisonment with eligibility for parole after five years for the kidnaping and an equal and consecutive sentence for the use of a deadly weapon. On June 21, 2010, petitioner filed in the state district court a motion to vacate, clarify, or correct an illegal sentence. The district court denied that motion. Petitioner appealed, and the Nevada Supreme Court affirmed on March 17, 2011.

    Petitioner then commenced this action. Both grounds for relief arise out of the second amended judgment of conviction. The court concludes that this action is not second or successive with respect to the 2009 amended judgment of conviction, which would restrict petitioner's ability to file pursuant to 28 U.S.C. § 2244(b). The court also concludes that this action is timely pursuant to 28 U.S.C. § 2244(d).

In ground 1, petitioner first alleges that his life sentences in the 1991 conviction were illegal: The judgment of conviction did not specify that petitioner would be eligible for parole, which meant, according to petitioner, that the life sentences were without the possibility of parole, and thus the sentences were illegal because the statute governing sentences for first-degree kidnaping did not allow for a life sentence without the possibility of parole. Then, petitioner claims that the state district court was without jurisdiction to amend the judgment of conviction without a hearing. Consequently, petitioner claims that he is still being held pursuant to the illegal sentences.

Assuming for the moment that petitioner correctly interprets the effect of a life sentence that does not specify eligibility for parole, ground 1 is without merit. According to the Nevada Supreme Court's order of March 17, 2011, petitioner was sentenced pursuant to Nev. Rev. Stat. § 200.320(2), which in 1991 stated:

> Where the kidnaped person suffers no substantial bodily harm by reason of such kidnaping, the person found guilty of such kidnaping shall be punished by imprisonment in the state prison for life or for a definite term of not less than 5 years. Under either sentence, eligibility for parole begins when a minimum of 5 years has been served.

Even if petitioner is correct that the 1991 sentences are illegal, the state district court had the jurisdiction to amend the judgment of conviction to correct the illegal sentence at any time. See Nev. Rev. Stat. § 176.555. If the second amended judgment of conviction had increased petitioner's sentence, then perhaps there might have been a constitutional issue. However, the amendment either clarified the sentence in light of the governing statute, or the amendment worked in petitioner's favor. Ground 1 is without merit.

In ground 2, petitioner claims that the version of § 200.320(2) in effect in 1991 was vague and incomplete because it did not specify a maximum term of years. As a result, petitioner argues that the sentencing court in 1991 and 2009 imposed life sentences instead of a term of years to avoid the vagueness of the statute. Petitioner takes § 200.320(2) out of context. At the time, Nevada used indeterminate sentencing. The sentencing provision in § 200.320(2) was not unique. The sentencing provision for second degree murder in effect in 1991, Nev. Rev. Stat. § 200.030(5), stated:

///

1  Every person convicted of murder of the second degree shall be punished by imprisonment in the state prison for life or for a definite term of not less than 5 years. Under either
2  sentence, eligibility for parole begins when a minimum of 5 years has been served.

3 Similarly, the sentencing provision for sexual assault without substantial bodily harm in effect in

4 1991, Nev. Rev. Stat. § 200.366(2)(b), stated:

5  If no substantial bodily harm to the victim results:

6  (1)  By imprisonment in the state prison for life, with possibility of parole, beginning when a minimum of 5 years has been served; or
7
8  (2)  By imprisonment in the state prison for any definite term of 5 years or more, with eligibility for parole beginning when a minimum of 5 years has been served.

9 Other statutes explained how a court needed to sentence a person convicted of a crime. Nev. Rev.

10 Stat. § 176.033 provided, in relevant part:

11  1.  If a sentence of imprisonment is required or permitted by statute, the court shall:

12  (a)  Sentence the defendant to imprisonment for a definite period of time within the maximum limit or the minimum and maximum limits prescribed by the applicable statute,
13  taking due account of the gravity of the particular offense and of the character of the individual defendant . . . .
14

15 Nev. Rev. Stat. § 193.130 provided, in relevant part:

16  Every person convicted of a felony:

17  1.  For which a term of imprisonment is provided by statute, shall be sentenced to a definite term of imprisonment which shall be within the limits prescribed by the applicable
18  statute, unless the statute in force at the time of commission of such felony prescribed a different penalty.
19

20 The 1991 version of § 200.320(2) provided those limits. The minimum limit was five years. The

21 maximum limit was life. The court had the discretion to sentence petitioner to either of those limits

22 or to anything in between. The court in 1991 had far more discretion in sentencing than the court

23 has today,[1] but that discretion did not make the statute vague. Ground 2 is without merit.

24  Reasonable jurists would not find this court's conclusions to be debatable or wrong, and the

25 court will not issue a certificate of appealability.

26

---

27  [1]Section 200.320(2) now has two possible sentences, life imprisonment with eligibility for parole starting after five years, and fifteen years' imprisonment with eligibility for parole starting
28 after five years.

-3-

1   Petitioner has submitted an ex parte motion for appointment of counsel (#2).  This motion is
2   moot because the court is denying the petition (#5).
3   IT IS THEREFORE ORDERED that the ex parte motion for appointment of counsel (#2) is
4   **DENIED** as moot.
5   IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney
6   General for the State of Nevada, as counsel for respondents.
7   IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a
8   copy of the petition.  No response is required.
9   IT IS FURTHER ORDERED that the petition for a writ of habeas corpus (#5) is **DENIED**.
10  The clerk of the court shall enter judgment accordingly.
11  IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.
12  DATED this 27th day of October, 2010.

_____
Gloria M. Navarro
United States District Judge