UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PHILIP JACKSON LYONS,

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:11-CV-01379-GMN-(CWH)

**ORDER**

    The court denied the petition for a writ of habeas corpus (#5) because it lacked merit on its face. Petitioner has filed a motion for relief from order and judgment (#8). The court denies this motion as well.

    The court determined that ground 1 was without merit because, assuming that petitioner's sentence actually was illegal, the state court has the power to correct an illegal sentence at any time. See Nev. Rev. Stat. § 176.555. Petitioner argues, "The statute makes no mention whatsoever of judgments of conviction and clearly does not state that a court can correct an illegally assessed sentence by merely amending a judgment of conviction in the absence of an already imprisoned defendant as was the case here." The distinction is without a difference. The judgment reflects the sentence. If a court corrects an illegal sentence, it must amend the judgment to reflect that correction.

    Petitioner cites several cases of United States Courts of Appeals that hold that the oral pronouncement of the sentence is the actual sentence. These cases are unpersuasive for several reasons. First, the courts of appeal were acting as supervisors of federal criminal procedure, and they were not ruling upon questions of constitutional law. Only questions of constitutional law or applicable federal statutes can affect criminal procedure in state courts. See 28 U.S.C. § 2254(a). Second, even if these cases are applicable, in one of them, United States v. Orlando, 553 F.3d 1235, 1240 (9th Cir. 2009), the court of appeals did what petitioner incorrectly argues a court cannot do: The court amended the judgment of conviction outside of petitioner's presence. Third, in those

cases in which the courts of appeals required a change in the written judgment to reflect the oral pronouncement of sentence, it was because the written judgment was harsher than the oral pronouncement. As this court has already noted, when the state district court amended petitioner's judgment of conviction, at worst petitioner suffered no harm and at best he benefitted from the amendment.

The court determined that ground 2 was without merit because the statute in effect at the time of petitioner's sentencing, Nev. Rev. § 200.320(2), was not vague but instead gave the sentencing court broad discretion in imposing a sentence. Petitioner claims that in 1991 the state district court imposed an illegal sentence pursuant to the wrong provision, § 200.320(1). This court cannot consider this part of ground 2 because, by the terms of the order that petitioner attached to the petition, the court of appeals did not authorize a second or successive petition to challenge the 1991 judgment of conviction. Only the 2009 second amended judgment of conviction is at issue in this action. The amendment is unobjectionable for the same reason why ground 1 is without merit. Even if the district court imposed an illegal sentence pursuant to § 200.320(1), it could correct that illegal sentence at any time, and such a correction would only benefit petitioner.

IT IS THEREFORE ORDERED that petitioner's motion for relief from order and judgment (#8) is **DENIED**.

**DATED** this 22nd day of November, 2011.

_____
Gloria M. Navarro
United States District Judge